| 202 | 185 |
| 208 | 415 |

## Barbey *v.* Boardman, Appellant.

*Will—Issue devisavit vel non—Testamentary capacity—Paresis—Evidence.*

A verdict and judgment in favor of a will contested on the ground of lack of testamentary capacity in the testator, will be sustained, where the uncontradicted evidence shows that eighteen months prior to the execution of the will testator exhibited symptoms of paresis, and was placed in a sanitarium; that shortly thereafter in proceedings under the act of June 25, 1895, he was declared a " weak-minded person; " that subsequently the decree was vacated and his property put again in his control; that from that date, a period of about ten months, the evidence was overwhelming that his disease, if it existed all, was in abeyance; that for fully two months after the will was made the evidence of his physician and companion who saw him daily, was, that his mental faculties were unimpaired; that the disease of paresis is a progessive one, and is not immediately destructive of the mental faculties, but is attended with fluctuations, and that absolute dementia seldom exists, except in the last stage.

Argued March 5, 1902.   Appeal, No. 9, Jan. T., 1902, by defendant, from judgment of C. P. Berks Co., June T., 1901, No. 62, on verdict for plaintiff in case of John Barbey v. Mary A. Boardman and Ellen A. Hoffman.   Before McCollum, C. J., Dean, Fell, Mestrezat and Potter, JJ.   Affirmed.

Issue devisavit vel non.   Before Endlich, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff.   Defendant appealed.

*Error assigned*, amongst others, was in submitting the case to the jury.

*Cyrus G. Derr*, with him *Jeremiah K. Grant*, for appellant.

*Jefferson Snyder*, of *Snyder & Zieber*, with him *O'Reilly & Deysher*, for appellee.

PER CURIAM, March 24, 1902:

William W. Seitsinger, the testator, at the date of his death in September, 1900, was about forty years of age. July 6, 1898, he executed the will here in dispute. He had a wife but no children; was possessed of considerable estate in personalty and coal lands. The chief beneficiary under the will is his wife; the others are a favorite aunt and her children. The will, itself, disclosed a very natural and reasonable disposition of his estate. About January, 1897, he exhibited symptoms of supposed paresis and about April he was taken to a sanitarium; within three months thereafter, under the provisions of the act of June 25, 1895, he was declared incapable of managing his property, and his father-in-law, this appellee, was appointed his guardian. Soon after, he was discharged from the sanitarium. On September 15, following, he presented his petition to the court to vacate the decree, declaring him incompetent to manage his property. After full notice to all the members of his family and relatives generally, the court granted his prayer and discharged the guardian. In about three months from the date of this decree, in consultation with his attorney, Mr. Deysher, he commenced the preparation of a will. Owing to the somewhat complicated character of his estate, and in some degree perhaps, to the disinclination of his counsel to draw a will for a client who had been declared incompetent to manage his property, the testator did not at once settle in his own mind, the exact disposition of his property, but finally on July 6, 1898, the day before leaving home for a prolonged absence, he executed the will now contested. Two of the relatives, not beneficiaries under the will, these appellants, contest it, on the grounds : 1. That testator lacked testamentary capacity. 2. That it was procured by undue influence. As to the second objection, there was no evidence whatever to sustain it, and the court so decided. As to the first, there was some little evidence on the part of the contestants, but not sufficient, even without contradiction, to establish a conviction of incapacity, and so the court held. It is not placed beyond doubt that the testator was afflicted with paresis; but assume that as a fact, the uncontra-

dicted evidence is, that this disease is a progressive one, and is not immediately destructive of the mental faculties; that it is attended with fluctuations, and that absolute dementia seldom exists, except in the last stage. It will be noticed, the will was executed July 6, 1898; he exhibited symptoms of paresis in January, 1897, and in April following was placed in the sanitarium; was there about three months and was discharged; then the adjudication under the act of June, 1895, that he was a "weak-minded person" was vacated and his property put again in his control. From that date until the will was made, a period of about ten months, the evidence was overwhelming, that his disease, if it existed at all, was in abeyance; for fully two months after the will was made, the evidence of his physi-·cian and companion who saw him daily, is, that his mental faculties were unimpaired. It is not improbable, as alleged by appellant, that at times he was incompetent to attend to business or to make a will because of acute attacks of his disease; his family physician, Dr. Muhlenberg, calls them, "Little attacks like epilepsy, very transient they were;" but it is as certain as human testimony can establish any fact, that at all other times, and especially is it established at the date of the will, he was entirely competent. The learned judge of the court below so decided, and we fully concur with him that it was his duty to take the case from jury. The judgment is affirmed.